# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHEYNE MICHAEL THOMPSON,<br><br>Defendant. | 3:20-CR-30070-RAL<br>3:11-CR-30084-RAL<br><br>REPORT AND RECOMMENDATIONS ON DEFENDANT'S CHANGE OF PLEA AND ADMISSIONS TO SUPERVISED RELEASE REVOCATION PETITION |

    The above-captioned matter came on before the Court for hearing on Wednesday, October 5, 2022. Defendant, Cheyne Michael Thompson, appeared in person and by his counsel, Stacey Hegge, while Plaintiff, United States of America ("Government") appeared through Jay Miller, an Assistant United States Attorney.

    Defendant consented in open court to the Court taking his change of plea and his consent was knowingly and voluntarily made. The Government likewise consented to the Court taking Defendant's plea.

    Defendant has reached a plea agreement with the Government wherein he intends to plead guilty to Count 1 as contained in the Indictment. Defendant is charged in Count 1 of the Indictment with Failure to Appear in violation of 18 U.S.C §§ 3146(a)(1) and 3146(b)(1)(A)(iii). At the hearing, Defendant was advised of the nature of the charge to which he would plead guilty and the maximum penalty applicable, specifically: 10 years custody; 250,000 fine, or both; 3 years supervised release; 2 additional years

imprisonment if supervised release is revoked on any such revocation; $100 assessment; and restitution.

Upon questioning Defendant personally in open court, it is the finding of the Court that Defendant is fully competent and capable of entering an informed plea, that he is aware of the nature of the charged offense and the consequences of the plea, and that his plea of guilty to the offense contained in Count 1 of the Indictment is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.  It is, therefore, the Court's recommendation that the guilty plea to Count 1 of the Indictment be accepted and that Defendant be adjudged guilty of that offense.

Defendant previously admitted, on October 2nd, 2019, that he had previously been placed on supervised release, that the allegations set forth in Paragraphs 1,2,3 & 7 of the Amended Petition to Revoke Supervised Release, Docket No. 54, were true and that he had violated the terms and conditions of his supervised release.  After examining Defendant, the Court found that his admissions were knowingly and voluntarily made and that a factual basis existed for the same.  Based on the foregoing, the Court

RECOMMENDS that Defendant's admissions be accepted, that his supervised release be revoked and that a dispositional hearing be held pursuant to 18 U.S.C. §3583(e).

The parties having waived their right to object to this report and recommendation and there being no objection from Defendant or counsel, it is hereby

ORDERED that a combined presentence investigation report shall be forthwith prepared by the United States Probation Office.  It is further

ORDERED that Defendant shall remain detained pending a joint sentencing/dispositional hearing before the District Court or until further order of a judicial officer of this District.

DATED this 5th day of October, 2022.

BY THE COURT:

MARK A. MORENO
**UNITED STATES MAGISTRATE JUDGE**

3